J-S04013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER BAROSH, | |
| Appellant | No. 930 EDA 2016 |

Appeal dated March 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008461-2010

BEFORE:  SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 23, 2017**

Appellant, Christopher Barosh, after filing a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, filed a *pro se* notice of appeal on March 6, 2016.  Appellant purports to appeal from an order denying his request for a **Grazier**[1] hearing and his right to proceed *pro se*.  After careful consideration, we quash.

A prior panel of this Court summarized the partial procedural history of this case as follows:

_____

[*]  Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

A jury trial was held and on December 11, 2012, [A]ppellant was convicted of arson and insurance fraud.[2] At the February 11, 2013 sentencing hearing, the trial court read into the record a letter he received from [A]ppellant's brother describing how [A]ppellant had offered him money not to appear at trial and, when that failed, threatened to kill him. The Honorable Chris R. Wogan sentenced [A]ppellant to consecutive sentences of 6½ to 19 years' imprisonment for arson and 6 months to 3 years for insurance fraud. Additionally, he ordered [A]ppellant to pay restitution for the damage caused by the fire.

On February 18, 2013, [A]ppellant filed a post-sentence motion seeking reconsideration of his sentence; the motion was denied after a hearing on March 15, 2013. On April 2, 2013, a timely notice of appeal was filed.

*Commonwealth v. Barosh*, 108 A.3d 105, 1103 EDA 2013 (Pa. Super. filed October 7, 2014) (unpublished memorandum at 6) (internal citation omitted).

This Court affirmed Appellant's judgment of sentence on October 7, 2014, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 4, 2015. *Id.*, *appeal denied*, 109 A.3d 677 (Pa. 2015). Appellant filed a PCRA petition on September 22, 2015, followed by numerous *pro se* pleadings with the PCRA court, including a notice of appeal to this Court on March 6, 2016.

Following the filing of his notice of appeal, Appellant continued to file multiple pleadings. On April 21, 2016, this Court issued an Order that stated the following:

---

[2] 18 Pa.C.S. § 3301(A)(1)(i) and 18 Pa.C.S. § 4117(A)(3), respectively.

Appellant is directed to show cause, within ten days of the date that this Order is filed, why this appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court. ***See*** Pa.R.A.P. 301(a)(1).

Order, 4/21/16, at 1. Appellant filed a response which provided, in relevant part, as follows, verbatim:

2. Pursuant to Pa.R.A.P. 301(e), the instant appeal is an emergency appeal as the exigency of the case is such as to impel an emergency appeal pursuant to 301(e).

3. Appellant is on PCRA, and has a Rule-based-right to counsel on his 1st PCRA Pa.R.Crim.P. 904.

4. Pennsylvania Supreme Court has found that a denial of a rule based right is the functionally equivalent of a denial of the Civil Right to Counsel embodied in Pennsylvania Constitution Article I section 9, and United States Constitution Amendment 6.

5. Petitioner has sought to proceed pro se on his PCRA since 9/22/15 to date of Appeal.

6. The PCRA Court has failed and refused to conduct a Grazier Colloquy for Appellant to proceed pro se as required by, Commonwealth v. Grazier, 552 Pa. 9, 713 A.2d 81 (Pa. 1998).

7. Petitioner has Praeciped the Lower Court for an Order to grant on denying Petitioner a Constitutional right to proceed pro se in accordance with Com. v. Grazier.

8. Pursuant to Pa.R.A.P. 301(e), Appellant's actions, "shall constitute entry of an appealable order for the purpose of these rules".

9. Pursuant to a post-it note from the Clerk of Courts after Appellant has filed this instant appeal in order to preserve his right to proceed pro se on PCRA collateral appeal and to obtain Order from this Honorable Court demanding the lower Court to conduct a Grazier Colloquy utilizing Pa.R.Crim.P. 121(A)(2)(a)(d), (e) and (f).

\* \* \*

**WHEREFORE**, for the foregoing reasons, Appellant respectfully moves this Honorable Court to order the lower Court to submit an opinion in accordance with Pa.R.A.P. 1925(a), and to schedule a Grazier Colloquy, and for all other remedies deemed just and proper.

"Appellant's Response to Rule to Show Cause dated 4/21/16," 5/2/16, at 1-2.

This Court issued an order on May 9, 2016, which provided as follows:

In accordance with this Court's Order of April 21, 2016 and in consideration of Appellant's response, the issue raised by this Court's Order will be referred to the panel assigned to decide the merits of this appeal and the issue will be considered by that panel.

Order, 5/9/16, at 1.

Appellant continued his practice of filing multiple pleadings.[3] On June 20, 2016, this Court issued an order directing the PCRA court to transmit the certified record to this Court.

The Superior Court Prothonotary's Office received a letter on July 18, 2016, from Anu Koodathil, a law clerk in the Philadelphia Court of Common Pleas, which provided clarification on the procedural status of this case. The letter provides, in pertinent part, as follows:

---

[3] We note the record reflects that among his many filings, Appellant also filed a motion for stand-by counsel on June 28, 2016. This request for counsel is in apparent contradiction to his stated desire to proceed *pro se*, as outlined in his response to show cause to this Court's April 21, 2016 order.

I am writing in response to the Superior Court's June 22, 2016 Order directing the Post Conviction Relief Act (PCRA) Court to certify and transmit the record, including its opinion pursuant to PA.R.A.P. 1925(a) to the Prothonotary of the Superior Court. This Order was entered in response to Appellant Christopher Barosh's Notice of Appeal filed March 6, 2016.

Upon review of this record and the docket, we are respectfully requesting that the Notice of Appeal be dismissed as Mr. Barosh's appeal is premature. No order has . . . been entered on this matter, and his appeal was accepted and docketed in error by the clerk of courts.

The procedural history in this case is as follows: Mr. Barosh was convicted and sentenced by the Honorable Chris Wogan on February 11, 2013. Following his direct appeal, Mr. Barosh filed his first PCRA Petition on September 22, 2015. Judge Wogan had retired at this point, and Mr. Barosh's PCRA petition was awaiting reassignment to another judge as well as appointment of counsel. On December 21, 2015, Mr. Barosh filed a "Motion for Pro Se Correspondence-Motion for a Grazier Hearing." He apparently believed his Motion was denied, but in fact, an order had not yet been entered on this matter. The instant Notice of Appeal filed March 6, 2016 is attempting to appeal this nonexistent order.

Mr. Barosh's Notice of Appeal should not have been accepted as an appealable order has not been entered on this case. There was some confusion due in part to Mr. Barosh being a prolific filer- in fact, he has filed forty-eight (48) amended filings to date. We sincerely apologize for the oversight, and respectfully request that the Superior Court issue an order dismissing Mr. Barosh's Notice of Appeal as premature. Once this case is remanded, we will ensure a judge is assigned to this case immediately for final disposition.

Letter, 7/18/16, at 1-2.

By order filed September 28, 2016, this Court directed the PCRA court to comply with the June 20, 2016 order to transmit the certified record to

the Superior Court Prothonotary. Order, 9/28/16, at 1. The record was subsequently transmitted to this Court.

Appellant presents the following issue for our review, which we reproduce verbatim:

> Did the Court err or abuse it's discretion by denying Appellant's request to proceed pro se after Court's notification of County wide attorney unavailability for appointment to indigent Defendants with indefinite time in which Court could appoint an attorney to Appellant with time sensitive motions, favorable witnesses willing and able to cooperate on Appellant's behalf, exculpatory material evidence threatened with spoliation, to the prejudice of Appellant, and in violation of Grazier?

Appellant's Brief at 4.

Before addressing the merits of Appellant's claims, we must determine whether this matter is properly before us. "We do not have jurisdiction over non-appealable orders." *Commonwealth v. Frey*, 41 A.3d 605, 609 (Pa. Super. 2012). An order is appealable if it is: (1) a final order, see Pa.R.A.P. 341–342; (2) an interlocutory order appealable by right or permission, see 42 Pa.C.S. § 702(b); Pa.R.A.P. 311–312, 1311–1312; or (3) a collateral order, see Pa.R.A.P. 313. *Frey*, 41 A.3d at 609.

Appellant's notice of appeal filed March 6, 2016, provides as follows:

> Notice is hereby given that Mr. Christopher A. Barosh, Defendant, in the above-named matter, hereby appeals to the Superior Court of Pennsylvania from Order entered in this matter as evidenced by the attached copy of Docket entry of, "Motion for Grazier Hearing", filed 12/21/15 and Denied Defendant to proceed pro se 3/6/16.

Notice of appeal, 3/6/16, at 1. The docket reveals that Appellant did in fact file a motion for *Grazier* Hearing, in addition to several other motions, on December 21, 2015. The docket, however, reflects no order disposing of that motion. Additionally, review of the docket indicates that there was no order issued on Appellant's PCRA petition filed September 22, 2015. Thus, there does not appear to be any order, final or otherwise, from which Appellant can appeal.

This conclusion is supported by the letter this Court received from the PCRA court. As outlined, the letter explained that the notice of appeal was accepted by that court in error, as there was no final order from which Appellant can appeal. Additionally, the letter indicates that the PCRA court was endeavoring to assign Appellant's case to a new judge and appoint counsel.

Because there is no final order, no interlocutory order appealable by right or permission, and no collateral order, Appellant's current appeal is premature. Thus, we lack jurisdiction to review Appellant's claims and are constrained to quash his appeal.[4, 5]

Appeal quashed. Jurisdiction relinquished.

---

[4] Upon quashal of this appeal, the PCRA court will have authority to appoint counsel and a new judge to address Appellant's PCRA petition.

[5] We note that during the pendency of this appeal, Appellant has filed multiple applications for relief in this Court. Due to this Court's lack of jurisdiction to review his claims, these applications are denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2017